### In re ISAACSON.

### (District Court, S. D. New York. April 13, 1908.)

BANKRUPTCY—PROCEEDINGS IN DIFFERENT DISTRICTS—FIRST HEARING.

Under General Orders in Bankruptcy No. 6 (32 C. C. A. v), which provides that "in case two or more petitions shall be filed against the same individual in different districts the first hearing shall be had in the district in which the debtor has his domicile," the first hearing should be had in the district in which he has had his domicile during the greater

part of the preceding six months, and which has jurisdiction on the ground of domicile, rather than in a district to which he subsequently removed and in which he was domiciled at the time of the filing of the petitions.

In Bankruptcy. On motion for reargument.

H. & J. J. Lesser, for petitioning creditors and receiver.

Hyman & Campbell, for answering creditors.

James, Schell & Elkus (Robert P. Levis, of counsel), for intervening creditors.

HOLT, District Judge. This is a motion for a reargument. Two petitions in involuntary bankruptcy have been filed against the alleged bankrupt, one in this court and one in the United States District Court for the Eastern District of New York. Section 2 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]) provides that courts of bankruptcy may "adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof." Rule 6 of General Orders in Bankruptcy provides that:

"In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile."

In this case, during the greater portion of the six months preceding the filing of the petitions the alleged bankrupt resided and had his domicile in Brooklyn, in the Eastern district, and did business in this district; but a few days before the filing of the petitions he removed his domicile to this district. The evidence satisfies me that this was a bona fide removal, for the purpose of making his residence and domicile in the city of New York, and that at the time the petitions were filed he had his domicile in this district. Under these circumstances, the question is in which district the first hearing shall be had.

It is argued that the correct test of jurisdiction under rule 6 is where the bankrupt had his domicile when the petition was filed, and that view is supported by a strict grammatical construction of the language of the rule. But, in my opinion, the true meaning of rule 6 is that, when petitions are filed in different districts, the court whose ground of jurisdiction is that the bankrupt's domicile has been in that district during the greater portion of six months is the court in which the first hearing shall be had. This court would have no jurisdiction to render an adjudication against the alleged bankrupt on the ground of domicile, because he has not been domiciled in this district for the greater portion of the preceding six months. Its ground of jurisdiction is the fact that the alleged bankrupt did business here. The removal of the alleged bankrupt from Brooklyn to New York did not divest the Brooklyn court of jurisdiction on the ground of domicile. As its jurisdiction still exists on that ground, I think the court in the Eastern district is the court which is intended in rule 6 when it pro-

vides that the first hearing shall be had in the district in which the debtor has his domicile.

The motion for a reargument is denied.